MARY E. WOODBRIDGE, trustee, *vs.* HERBERT WINSLOW & others.

Suffolk.    November 17, 1897. — February 28, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Tenants in Common — Partition — Will — Perpetuity — Fee Simple.*

A testator provided by will, " All the rest, residue, and remainder of my property I give, devise, and bequeath to E., to be distributed by her among her descendants, children and grandchildren, according to her discretion." E. brought a petition for partition of certain land owned by the testator in common with others, the testator's interest therein being included in the residuary clause. *Held,* that that clause did not violate the rule against perpetuities, and that, without deciding whether E. took a fee, she had an undivided interest in the land, and was entitled to partition.

PETITION for partition of a parcel of real estate. The petitioner claimed to be seised in fee simple of an undivided seven twenty-fourths part thereof. The case was submitted to the

---

Superior Court, and, after the dismissal of the petition, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*F. G. Cook*, for the petitioner.

*J. Willard*, for the respondents.

BARKER, J.    The respondents contend that the residuary clause of the will, under which the petitioner claims a right to partition, is void by reason of the rule against perpetuities.    That clause is in these words: " All the rest, residue, and remainder of my property I give, devise, and bequeath to Mrs. Edwin S. Woodbridge, to be distributed by her among her descendants, children and grandchildren, according to her discretion."

The respondents' contention is, that the beneficiaries under this devise are a class which must embrace either all the persons who may ever be descendants of Mrs. Woodbridge, or all the persons who may ever be her children and grandchildren; that the power gives no absolute right to select objects of gift within the class; that every member of the class is entitled to be an object of the gift, the donee of the power having no right to exclude any one of them; and that the right of each member of the class is subject only to the trustee's discretion as to time and amount, and that every member of the class is to be in sight when the power of distribution is exercised.    If this construction of the clause is correct, it is plain that the clause is void, because there may be descendants or grandchildren of Mrs. Woodbridge who will not come into being within the time limited by the rule against perpetuities; and the power cannot be exercised until the possibility of additions to the class is exhausted.    If the exercise of the power cannot take place within the time limited by the rule the power is void, and the argument is that the only disposition of the residuum of the testator's estate is by way of execution of the power.

But in our opinion that is not the meaning of the residuary clause.    The testator was an unmarried man, living in the family of Mrs. Woodbridge, who when the will was made was a widow sixty-five years of age, having four children, three of whom were unmarried and living in the same place with her, while the other was married and lived in the West, and then had two

children. The whole will is short and simple, and nowhere speaks of a trust or shows any intention on the part of the testator to delay the settlement of his estate. There is nothing in the language of the will or in the situation of the testator which indicates an intention to give his property for the benefit of a class of persons to be made up of the descendants or the children and grandchildren of Mrs. Woodbridge, and to be ascertained at some future time. In our opinion his real beneficiary was Mrs. Woodbridge, in whose family he lived, and he did not appoint her a mere trustee to divide up his gift among her descendants or her children or grandchildren, or one of a succession of trustees who should hold his property until all her possible children and grandchildren should have come into being. He either meant to give Mrs. Woodbridge a fee, with an added direction as to how she should distribute her own property, which added direction is void as inconsistent with the fee, or to give her a beneficial estate with an obligation during her life, or at the latest at her death, to distribute it among such as she should choose of those who at the time of distribution, which could not be later than her own death, should be her descendants. If the clause should be construed to give her a mere naked power of distribution, we think it would be a power to be exercised upon the testator's death, and for the benefit of such of those persons as Mrs. Woodbridge should select of those whom the will, speaking as at the time of the testator's death, calls Mrs. Woodbridge's descendants, children or grandchildren, that is to say, those who were living at the testator's death, and so would be open to no objection.

Without being now called upon to say whether Mrs. Woodbridge took a fee, we think that she has under the will an undivided interest in the land, and that she is entitled to partition.

*Decree dismissing petition reversed, and partition to be ordered.*